IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHIRLEY GONTERO, | : |
| Plaintiff | : |
| VS. | : |
| | :    5 : 05-CV-96 (RLH) |
| JO ANNE B. BARNHART, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**ORDER**

The plaintiff herein filed this Social Security appeal on March 15, 2005, challenging the Commissioner's final decision denying her application for disability benefits.  Jurisdiction arises under 42 U.S.C. § 405(g).  All administrative remedies have been exhausted.  Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment.  The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals.  28 U.S.C. § 636(c)(3).

*Background*

The plaintiff filed her initial application for disability benefits in April 1989.  She did not pursue an appeal upon the initial denial of her claim.  Plaintiff filed her second application for disability benefits in July 1996, alleging disability since November 30, 1981, due to sacroiliitis, arthritis, ankylosing spondylitis, and chronic headaches.  In May 2000, the ALJ dismissed the plaintiff's claim on the basis of the *res judicata* effect of the denial of her initial application.  The Appeals Council remanded this decision to the ALJ for further proceedings in January 2003.

Following a hearing, during which the plaintiff amended her onset date to November 1, 1986, the ALJ issued an unfavorable decision.  The Appeals Council affirmed the ALJ's decision and the plaintiff then filed this appeal, arguing that the ALJ erred in failing to consider evidence of impairment prior to plaintiff's amended onset date and subsequent to the expiration of her insured status and that the ALJ failed to properly consider all of her impairments in combination.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

*Onset date*

Initially, the plaintiff maintains that she amended her onset date from November 1, 1981, to November 1, 1986 "because her age is an important vocational factor and when combined with her health problems provided a finding of disabled under the Commissioner's grid rules even if she could have still performed some types of sedentary work. . . . Ms. Gontero amended her onset date to correspond with her 50th birthday." Plaintiff's brief at p. 9.

In addressing the plaintiff's amended onset date, the ALJ noted that "[t]he claimant through counsel amended her onset date to November 1, 1986. With the amended onset date, the claimant stipulated that disability must be shown to exist between the dates of 11-1-1986 through December 31, 1986; that evidence prior to 11-1-86 would be relevant to establish disability for said period, but evidence after December 31, 1986 would not be relevant." R. at 12. The ALJ reviewed the medical evidence of record, including evidence that predated the amended onset date, and reviewed the plaintiff's testimony, concluding that the plaintiff could perform any of her past relevant work.

Contrary to the plaintiff's assertions, there is no indication in the ALJ's decision that he improperly failed to consider medical evidence that fell outside the "key period" between the plaintiff's amended onset date and her date last insured. He specifically discussed certain evidence that predated the onset date. Moreover, as the Commissioner points out, Social Security Ruling 83-20, upon which the plaintiff relies, discusses the determination of onset date once a claimant has been found disabled. Additionally, to the extent that the plaintiff contends that the ALJ should have discussed and considered medical evidence that post-dated her date last insured, the plaintiff failed to establish that said evidence related back to the period under

consideration. The evidence to which the plaintiff makes reference relates to treatment obtained in 1992 through 1999, beginning more than six (6) years after the expiration of plaintiff's insured status.

*Combination of impairments*

The plaintiff also alleges that the ALJ erred in failing to make severity determinations in regard to her diagnoses of arthritis, ankylosing spondylitis, degenerative disc disease and chronic headaches, and that Ruling 96-8p provides that non-severe impairments should be considered along with limitations or restrictions due to other impairments. However, as the Commissioner points out, the ALJ found that plaintiff's sacroiliitis was a severe impairment and moved to steps 3 and 4 of the sequential evaluation process. The plaintiff failed to establish that her conditions caused disabling limitations and failed to prove that she could not return to her past relevant work. To the extent that the plaintiff argues that these impairments should have been considered even though evidence of same fell after her date last insured, the plaintiff has failed to show that these impairments somehow impacted the relevant period under consideration.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is hereby **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 16th day of March, 2006.

      /s/ **Richard L. Hodge**
      RICHARD L. HODGE
      UNITED STATES MAGISTRATE JUDGE

asb